UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MANUEL RODRIGUEZ

    Plaintiff,

v.                                    Case No. 8:12-CIV-00374-EAK-EAJ

THE SCHOOL BOARD OF POLK
COUNTY, FLORIDA, SHARON
ARNOLD, LUM THORNHILL,

    Defendants.

_____/

## ORDER

This cause is before the Court on Plaintiff's Second Amended Complaint (Doc. 33), Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint and Supporting Memorandum of Law (Doc. 35), and Plaintiff's Response thereto (Doc. 36). For the reasons set forth below, Defendants' Motion to Dismiss is **GRANTED**, and Plaintiff's Second Amended Complaint is **DISMISSED WITH LEAVE TO AMEND**.

### PROCEDURAL HISTORY AND BACKGROUND

Plaintiff filed his Complaint (Doc. 1) on February 22, 2012. This Court, in its order (Doc. 17) on July 25, 2012 granting Defendants' Motion for a More Definite Statement (Doc. 15), described the Complaint as "deficient," and a "rambling recitation" with "no causes of action actually set forth." The Court also provided the *pro se* Plaintiff drafting direction and leave to file an Amended Complaint. Plaintiff filed his Amended

Complaint on August 7, 2012 (Doc. 18). In an order (Doc. 32) on January 9, 2013, this Court granted Defendants' Motion to Dismiss (Doc. 22), finding the Amended Complaint "unacceptable and disjointed," with the "vast majority of the allegations . . . legal conclusions upon which it would be improper to assume are true." The Court also permitted Plaintiff an opportunity to file a Second Amended Complaint, which he filed on January 23, 2013. Across his filings, Plaintiff's overarching and continuing allegation, if it may be accurately summarized, is that he was discriminated against in an employment matter by Defendants.

## STANDARD OF REVIEW

The allegations of a *pro se* complaint are held to less stringent standards than pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520. Nevertheless, *pro se* litigants must still comply with procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Further, the Court is not required to rewrite a deficient pleading. *GJR Inv., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998), *overruled on other grounds by Ashcroft v. Iqbal,* 556 U.S. 662 (2009). To properly state a claim, Rule 8 of the Federal Rules of Civil Procedure calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This is to ensure fair notice of what the claim alleges, and the grounds upon which it is based. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citing *Conley v. Gibson,* 355 U.S. 41, 47). Rule 10 further requires that claims or defenses must be stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

## ANALYSIS

The complaint, now in its second amended form, remains deficient. The complaint alleges two counts, one for national origin discrimination, and a second for retaliation. To arrive there, Plaintiff pleads claims in his Introduction and then again in his Factual Allegations. The Factual Allegations are presented in numbered paragraphs, though they entail fifteen paragraphs over five pages to arrive at the first count. That count then realleges paragraphs 1-15 and continues, under Factual Allegations, presenting six more paragraphs to arrive at the second count, which realleges paragraphs 1-21, and adds more paragraphs—two of them numbered—before resting with a nine-part Conclusion. Contrary to the Rule 8 requirement, the statements are neither short nor plain. Per the Rule 10 requirement, the paragraphs are numbered, but the numbering of the extended and overlapping claims is ineffectual. Defendants are not provided fair notice of the allegations and their grounds, and this Court believes that "no competent lawyer . . . could compose an answer . . . that would be in keeping with what the framers of the Rules envisioned." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 980 (11th Cir. 2008). This Court has previously allowed Plaintiff two opportunities to cure the deficiencies of his complaint. Despite having consumed considerable time and energy of the Court and the opposing parties, this Court concludes that Plaintiff should have one last opportunity to plead a case. Accordingly it is

**ORDERED** that Defendants' Motion to Dismiss is **GRANTED in part in that the** Plaintiff's Second Amended Complaint is **DISMISSED WITH LEAVE TO**

**AMEND.** This is the final opportunity the Court will allow for the Plaintiff to file an appropriate complaint. If dismissal is granted again it will be with prejudice. The Court urges the Plaintiff to consult an attorney, for example through the local bar association referral service, in order to draft an acceptable complaint. The third amended complaint shall be filed on or before July 15, 2013, or this cause will be dismissed in its entirety.

  **DONE AND ORDERED** in Chambers at Tampa, Florida, this 28th day of June 2013.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.