UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MANUEL RODRIGUEZ

    Plaintiff,
v.                                                          Case No. 8:12-CIV-00374-EAK-EAJ

THE SCHOOL BOARD OF POLK
COUNTY, FLORIDA, SHARON
ARNOLD, LUM THORNHILL

    Defendants,

_____/

## ORDER

This cause is before the Court on Plaintiff's Third Amended Complaint (Doc. 47), Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint with Prejudice and Supporting Memorandum of Law (Doc. 49), and Plaintiff's Response thereto (Doc. 53). For the reasons set forth below, Defendants' Motion to Dismiss is **GRANTED**, and Plaintiff's Third Amended Complaint is **DISMISSED WITHOUT LEAVE TO AMEND**.

### PROCEDURAL HISTORY AND BACKGROUND

Plaintiff filed his complaint (Doc. 1) on February 22, 2012. This Court, in its order (Doc. 17) on July 25, 2012 granting Defendants' Motion for a More Definite Statement (Doc. 15), described the complaint as "deficient," and a "rambling recitation" with "no causes of action actually set forth." The Court also provided the *pro se* Plaintiff drafting direction and leave to file an Amended Complaint. Plaintiff filed his Amended Complaint on August 7, 2012 (Doc. 18). In an order (Doc. 32) on January 9, 2013, this Court granted Defendants' Motion to Dismiss

(Doc. 22), finding the Amended Complaint "unacceptable and disjointed," with the vast majority of the allegations… legal conclusions upon which it would be improper to assume are true." The Court also permitted Plaintiff an opportunity to file a Second Amended Complaint (Doc. 33), which he filed on January 23, 2013. This Court, in its order (Doc. 43) stated the Second Amended Complaint (Doc. 33), "remains deficient," and "the statements are neither short nor plain." Across his filings, Plaintiff's overarching and continuing allegation, if it may be accurately summarized, is that he was discriminated against in an employment matter by defendants.

## STANDARD OF REVIEW

The allegations of a *pro se* complaint are held to less stringent standards than pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520. Nevertheless, *pro se* litigants must still comply with procedural rules. *Albra v Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Further, the Court is not required to rewrite a deficient pleading. *GJR Inv., Inc. v Cnty. Of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by *Ashcroft v Iqbal*, 556 U.S. 662 (2009). To properly state a claim, Rule 8 of the Federal Rules of Civil Procedure calls for a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This is to ensure fair notice of what the claim alleges, and the grounds upon which it is based. *Bell Atl. Corp. v Twombly*, 550 U.S. 544, 545 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47). Rule 10 further requires that claims or defenses must be stated, "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

## ANALYSIS

The complaint, now in its third amended form, continues to be deficient. The Plaintiff continues to make numerous conclusory statements that fall under the guise of facts. These conclusions are initially presented in his introduction and continued through his conclusion. Totaling nineteen pages and ninety-three paragraphs, containing repetitive, rhetorical statements. Contrary to the Rule 8 requirement, the statements are neither short nor plain. Per Rule 10 requirement, the paragraphs are numbered, but the numbering of the extended and overlapping claims is ineffectual. Defendants are not provided fair notice of the allegations and their grounds, and this Court believes that "no competent lawyer... could compose an answer... that would be in keeping with what the framers of the rules envisioned." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 980 (11th Cir. 2008). This Court has previously allowed Plaintiff three opportunities to cure the deficiencies of his complaint, and stated in the previous Order (Doc. 43), "If dismissal is granted again it will be with Prejudice." This Court concludes there is no compelling reason to give the Plaintiff additional opportunities to amend the complaint. The Plaintiff is wasting this Court's time by not complying with its order as to how to file a complaint that will survive a motion to dismiss. Accordingly it is,

ORDERED that Defendants' Motion to Dismiss is **GRANTED WITHOUT LEAVE TO AMEND** for failure to state a cause of action under Federal Law. The Clerk of Court is directed to close this case and to terminate all other pending motions.

DONE AND ORDERED in Chambers at Tampa, Florida, this 29th day of January 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.